# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-250-FDW

| | |
|---|---|
| MARCUS ALSTON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| GEORGE T. SOLOMON, DAVID MITCHELL, NORTH CAROLINA DEP'T OF PUBLIC SAFETY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and he is presently confined in the Lanesboro Correctional Institution. In his complaint, Plaintiff contends that his constitutional rights have been violated through unreasonable searches and seizures following his transfer to Lanesboro Correctional in December 2013.[1] Plaintiff alleges that he was subjected to several searches and seizures and placed in restraints for 48 hours and was not permitted to use the restroom and was deprived of his property for a couple of weeks. Plaintiff asserts that he filed a grievance against Unit Manager Marshall for harassment, discrimination and the use of excessive force. Plaintiff also alleges that Officer Chapmen and other officers confronted him while he was in the shower and retaliated against him for filing the complaint against Marshall by removing

---

[1] Plaintiff moves the Court to certify this action as a class action and he attaches statements from other inmates however Plaintiff is the only one to sign the complaint. To the extent that Plaintiff is attempting to sign on behalf of the other inmates, this effort must fail and his motion to certify this as a class action will be denied.

1

property from his cell and assaulting him. (Doc. No. 1: Complaint at 13). In his claim for relief, Plaintiff is seeking compensatory and punitive damages.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

After considering the record in this matter, the Court finds that Plaintiff's complaint should be dismissed for two reasons. First, it appears from this record that Plaintiff has failed to exhaust his administrative remedies, and second, Plaintiff has not presented any allegations that could state a claim for relief against any of the named defendants.

A. Exhaustion

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act

2

("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

3

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). In Plaintiff's complaint, he blankly states that he has exhausted his administrative remedies however in a document attached to his complaint he only includes evidence that he may have participated in the first step of the ARP.[2] In his complaint, Plaintiff contends that he completed the ARP on March 26, 2014, however his first-step grievance is dated March 17, 2014, and there is no indication that Plaintiff ever received a response to this first grievance and certainly no evidence that he proceeded to appeal any response.

Based on the record before the Court, it appears that Plaintiff has failed to exhaust his administrative remedies prior to filing his § 1983 complaint. Accordingly, Plaintiff's complaint will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

B. Failure to State a Claim

As an additional ground for dismissal, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted because he has presented no allegations that Defendants Solomon or Mitchell participated in, or knew about any of the alleged searches or assaults. Plaintiff's effort to assign liability to these defendants rests only on the unstated assumption, that one, they are supervisors of the officers named in the complaint, and two that they knew of, condoned, or disregarded actions that were taken by the named officers. Thus, to the extent

---

[2] The Court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The Court finds that the documents attached to Plaintiff's complaint are authentic and integral to the consideration of Plaintiff's allegations.

Plaintiff's effort to assign liability to these defendants rests on a theory of respondeat superior, it must fail. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 n.58 (1978). Based on the foregoing, the Court finds that the complaint against Defendants Solomon and Mitchell will be dismissed.

Signed: May 28, 2014

Finally, Plaintiff names the North Carolina Department of Public Safety as a defendant. Section 1983, by its own terms, applies only to "persons" acting under color of state law. By suing the North Carolina Department of Public Safety, Plaintiff has effectively sued the State of North Carolina. However, neither the State nor its agencies constitute "persons" subject to suit under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003).

### IV.    CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's § 1983 complaint should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).
2. Plaintiff's motion for class certification is **DENIED**. (Doc. No. 2).
3. Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 4).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Frank D. Whitney
Chief United States District Judge