# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-250-FDW

| | |
|---|---|
| MARCUS ALSTON, | ) |
| Plaintiff, | ) |
| v. | ) |
| GEORGE T. SOLOMON, | ) ORDER |
| DAVID MITCHELL, | ) |
| NORTH CAROLINA DEP'T | ) |
| OF PUBLIC SAFETY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

I. BACKGROUND

Plaintiff, who is a prisoner of the State of North Carolina, filed a § 1983 complaint alleging that the defendants have violated his constitutional rights based on an assault occurring on January 25, 2014, and an unreasonable search and seizure which he contends took place on February 21, 2014. Plaintiff also presents allegations regarding assaults and other constitutional violations involving several other inmates and Plaintiff purports to bring this matter as a class action on their behalf.[1]

---

[1] Plaintiff is the only prisoner to sign the complaint therefore the other prisoners are not considered parties to this action. (3:14-cv-250, Doc. No. 1: Compl. at 5, 11). See Fed. R. Civ. P. 11(a) (an unrepresented party must personally sign the pleading).

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff identifies Defendant George T. Solomon as the Director of Prisons for the North Carolina Department of Public Safety, and Defendant David Mitchell as the Administrator of Lanesboro Correctional Institution. (3:14-cv-250, Compl. at 6-7). However, after having carefully examined Plaintiff's complaint, it appears that Plaintiff has failed to present any reasonable allegations that there were actions or omissions attributable to these defendants which contributed to constitutional violations.[2] Accordingly, the Court finds that Plaintiff is necessarily relying on a theory of liability based on the doctrine of *respondeat superior* and his claims must therefore fail.

---

[2] Plaintiff moved for leave to file an amended complaint and he was provided up to and including April 14, 2015, in order to do so, however Plaintiff never submitted an amended complaint. (Id., Doc. No. 11: Motion to Amend; Doc. No. 14: Order, filed Mar. 24, 2015).

See Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 694 n.58 (1978). Based on the foregoing, the complaint against Defendants Solomon and Mitchell will be dismissed for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

Plaintiff's complaint against the Defendant North Carolina Department of Public Safety must also fail. First, there are no allegations against this defendant. Secondly, sovereign immunity of the State of North Carolina and the Eleventh Amendment to the U.S. Constitution provide state agencies with immunity from a suit from damages, and by suing an agency of the State, Plaintiff has effectively sued the State of North Carolina. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003). The complaint against this defendant will therefore be dismissed. Id. § 1915A(b)(1), (b)(2).

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1), (b)(2).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge